# SUPREME COURT OF ARKANSAS
No. 12-835

| | |
|---|---|
| JOHN R. LAMBERT, II<br>PETITIONER<br><br>V.<br><br>LQ MANAGEMENT, L.L.C.<br>RESPONDENT | Opinion Delivered October 11, 2012<br><br>REQUEST TO CERTIFY QUESTION OF LAW<br><br>CERTIFIED QUESTION ACCEPTED |

PER CURIAM

In accordance with section 2(D)(3) of amendment 80 to the Arkansas Constitution and Rule 6-8 of the Rules of the Supreme Court and Court of Appeals of the State of Arkansas, the Honorable James M. Moody of the United States District Court for the Eastern District of Arkansas filed a motion and certification order with our clerk on September 26, 2012. The certifying court requests that we answer a question of law that may be determinative of a cause now pending in the certifying court, because it appears that there is no controlling precedent in the decisions of the Arkansas Supreme Court.

After a review of the certifying court's analysis and explanation of the need for this court to answer the question of law presently pending in that court, we accept certification of the following question, as herein formulated:

> 1) By enacting Arkansas Code Annotated section 16-118-107, did the Arkansas General Assembly intend to revive the individual cause of action for common law remedies for retaliation under Arkansas workers' compensation law which it expressly annulled at Arkansas Code Annotated section 11-9-107?

This per curiam order constitutes notice of our acceptance of the certification of the question of law. For purposes of the pending proceeding in this court, the following requirements are imposed:

> A. Time limits will be calculated from the date of this per curiam order accepting certification. The plaintiff in the underlying action, John R. Lambert, II, is designated the moving party and will be denoted as the "Petitioner," and his brief is due thirty days from the date of this per curiam; the defendant, LQ Management, L.L.C., shall be denoted as the "Respondent," and its brief shall be due thirty days after the filing of Petitioner's brief. Petitioner may file a reply brief within fifteen days after Respondent's brief has been filed.
>
> B. The briefs shall comply with this court's rules as in other cases except for the briefs' content. Only the following items required in Arkansas Supreme Court Rule 4-2(a) shall be included:
>
>> (3) Point on appeal which shall correspond to the certified question of law to be answered in the federal district court's certification order.
>>
>> (4) Table of authorities.
>>
>> (6) Statement of the case which shall correspond to the facts relevant to the certified question of law as stated in the federal district court's certification order.
>>
>> (7) Argument.
>>
>> (8) Addendum.
>>
>> (9) Cover for briefs.
>
> C. Oral argument will only be permitted if this court concludes that it will be helpful for presentation of the issue.
>
> D. Arkansas Supreme Court Rule 4-6 with respect to amicus curiae briefs will apply.
>
> E. This matter will be processed as any case on appeal.
>
> F. Rule XIV of the Rules Governing Admission to the Bar shall apply to the attorneys for the Petitioners and the Respondents.

Pursuant to Arkansas Supreme Court Rule 6-8(d), we request that the parties include in an addendum the following pleadings: the complaint, the answer, if any; the motion to dismiss; and any responses, replies, and briefs in support thereof. In addition, if the parties believe that any additional pleadings will be useful to our understanding of the legal issues presented in this certified question, those pleadings should be included as well.

Certified question accepted.