MANDATE

CERTIFIED QUESTION ANSWERED

STATE OF ARKANSAS
In the Supreme Court

Proceedings of March 14, 2013

12-835
JOHN R. LAMBERT, II                          PETITIONER
v. An Original Action from the
   United States District Court for the
   Eastern District of Arkansas
      (No. 4:12CV00075JMM)
LQ MANAGEMENT, L.L.C.                      RESPONDENT

     This certified question of law was submitted to the Arkansas Supreme Court as an original action petition from the United States District Court for the Eastern District of Arkansas, and on briefs of the respective parties. After due consideration, it is the decision of the Court that the certified question is answered for the reasons set out in the attached opinion.

                        IN TESTIMONY, that the above is a true copy of
                        the judgment of the Arkansas Supreme Court. I,
                        Leslie W. Steen, Clerk, set my hand and affix the
                        seal this 2nd day of April, A.D. 2013.

_____
                                     Clerk

# SUPREME COURT OF ARKANSAS

No. 12-835

| | |
|---|---|
| JOHN R. LAMBERT, II<br>                    PETITIONER<br><br>V.<br><br>LQ MANAGEMENT, L.L.C.<br>                    RESPONDENT | Opinion Delivered March 14, 2013<br><br>CERTIFIED QUESTION FROM UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF ARKANSAS<br><br>HON. JAMES M. MOODY, JUDGE,<br><br><u>CERTIFIED QUESTION ANSWERED.</u> |

**KAREN R. BAKER, Associate Justice**

This case involves a question of Arkansas law certified to this court by the United States District Court for the Eastern District of Arkansas in accordance with Arkansas Supreme Court Rule 6-8 (2012). On October 11, 2012, we accepted the certified question in *Lambert v. LQ Management, L.L.C.*, 2012 Ark. 391(per curiam). The certified question is as follows:

> By enacting Arkansas Code Annotated section 16-118-107, did the Arkansas General Assembly intend to revive the individual cause of action for common-law remedies for retaliation under Arkansas workers' compensation law which it expressly annulled at Arkansas Code Annotated section 11-9-107?

We conclude that the answer is no.

On November 1, 2011, Petitioner, John R. Lambert, II, filed a complaint against Respondent, LQ Management, L.L.C. ("LQ Management") in the Pulaski County Circuit Court alleging that he was terminated in retaliation for asserting his rights under the Arkansas workers' compensation statutes. Lambert sought to recover damages under Ark. Code Ann.

§ 16-118-107 (Supp. 2011). On February 3, 2012, the case was removed to federal court. After removal, on February 10, 2012, LQ Management filed a motion to dismiss asserting that the claim for retaliation had been abolished under Ark. Code Ann. § 11-9-107 and therefore, Lambert failed to state a claim. Lambert responded that he was seeking relief allowed under Ark. Code Ann. § 16-118-107, the crime victims' civil-liability statute for felonious conduct. On September 17, 2012, both parties jointly requested that the present question be certified to this court. After we accepted the certified question, both parties filed briefs, and the Arkansas State Chamber of Commerce and Associated Industries of Arkansas, Inc. (as amici curiae) filed a brief as well.

The certified question presents an issue of statutory construction. The two statutes at issue are Ark. Code Ann. § 11-9-107 under the Workers' Compensation Act, and § 16-118-107.

In 1993, the General Assembly passed Act 796 and made comprehensive revisions to the Workers' Compensation Act. 1993 Ark. Acts 796; Ark. Code Ann. § 11-9-101 to -1001 (Repl. 2012). Section 6 of Act 796 codified at Ark. Code Ann. § 11-9-107 provides,

> (a)(1) Any employer who willfully discriminates in regard to the hiring or tenure of work or any term or condition of work of any individual on account of the individual's claim for benefits under this chapter, or who in any manner obstructs or impedes the filing of claims for benefits under this chapter, shall be subject to a fine of up to ten thousand dollars ($10,000) as determined by the Workers' Compensation Commission.
>
> . . .
>
> (c) The employer may also be guilty of a Class D felony.
>
> . . .
>
> (e) A purpose of this section is to preserve the exclusive remedy doctrine and

2

specifically annul any case law inconsistent herewith, including, but not necessarily limited to: *Wal-Mart Stores, Inc. v. Baysinger*, 306 Ark. 239, 812 S.W.2d 463 (1991); *Mapco, Inc. v. Payne*, 306 Ark. 198, 812 S.W.2d 483 (1991); and *Thomas v. Valmac Industries, Inc.*, 306 Ark. 228, 812 S.W.2d 673 (1991).

Ark. Code Ann. § 11-9-107 (Repl. 2012).

Subsection (e) provides that the remedies for willful discrimination under the workers' compensation statutes are the exclusive remedy. *See also* Ark. Code Ann. § 11-9-105 (a) Subsection (e) also explicitly annulled this court's case law permitting the additional recovery of damages by individuals on account of discriminatory treatment by the employer for filing a workers' compensation claim. Since § 11-9-107's enactment in 1993, no changes have been made to the statute.

Four years later, in 1997, the General Assembly enacted Ark. Code Ann. § 16-118-107. This statute, "Civil Action by Crime Victim," allows for the recovery of damages by victims of felonious conduct and provides,

> (a)(1) Any person injured or damaged by reason of conduct of another person that would constitute a felony under Arkansas law may file a civil action to recover damages based on the conduct.
>
> . . . .
>
> (c) The remedy provided in this section shall be in addition to any other remedies in law or equity.
> (d) This section does not apply to offenses under § 5-28-101 et seq. or § 5-55-101 et seq.

Ark. Code Ann. § 16-118-107 (Supp. 2011). Accordingly, Ark. Code Ann. §§ 5-28-101 et seq. (Supp. 2011) (Abuse of Adults Act) and Ark. Code Ann. § 5-55-101 (Supp. 2011) (Fraud Against Government Act) are specifically excepted from Ark. Code Ann. § 16-118-107.

3

Lambert contends that Ark. Code Ann. § 16-118-107 allows him independent relief separate from Ark. Code Ann. § 11-9-107 and permits him to recover additional damages under Ark. Code Ann. § 16-118-107. Lambert asserts that by enacting Ark. Code Ann. § 16-118-107, the General Assembly provided additional remedies for willful violations of the workers' compensation laws because interference with the filing of a workers' compensation claim may constitute a Class D felony. As a result, he contends that the victims of a Class D felony arising from retaliation-related claims have the right to recover additional damages under Ark. Code Ann. § 16-118-107. Lambert further argues that in harmonizing the two statutes and reading the two together, Ark. Code Ann. § 11-9-107 provides that an employer's conduct "may be a felony," and Ark. Code Ann. § 16-118-107 allows for recovery of additional damages for such conduct. Finally, Lambert contends that this interpretation is clear because certain offenses are specifically excepted from suit under Ark. Code Ann. § 16-118-107, Ark. Code Ann. §§ 5-28-101 et. seq., and 5-55-101 et. seq.; but, Ark. Code Ann. § 11-9-107 was not listed as an exception. Lambert asserts that if the General Assembly had intended for Ark. Code Ann. § 11-9-107 to be excepted from the recovery of additional damages under Ark. Code Ann. § 16-118-107, it would have expressly done so.

LQ Management responds that § 6 of Act 796 annulled the common-law-retaliation cause of action and reaffirms the exclusive-remedy doctrine. It further asserts that the Act provides two remedies: to treat the retaliation as a crime, and to provide an administrative procedure where the employer could be fined. Ark. Code Ann. § 11-9-107(a)(1) & (c) (Repl. 2012). However, LQ Management explains that these remedies under the Act are

exclusive and that there are no additional remedies available. It further argues that the language of Ark. Code Ann. § 16-118-107 does not repeal or modify the exclusive-remedy doctrine or otherwise reinstate the common-law action of retaliation. LQ Management contends that the statutes address different subject matters and are not similar or related and cannot be harmonized. Finally, LQ Management responds that an "additional remedy" under Ark. Code Ann. § 16-118-107 cannot be harmonized with an exclusive remedy under Ark. Code Ann. § 11-9-107 because the General Assembly intended for the Workers' Compensation Act to be an exclusive-remedy act.

In reviewing these statutes, the basic rule of statutory construction is to give effect to the intent of the legislature by giving words their usual and ordinary meaning. *Ark. Soil & Water Conservation Comm'n v. City of Bentonville*, 351 Ark. 289, 92 S.W.3d 47 (2002). "When a statute is clear, it is given its plain meaning, and we will not search for legislative intent; rather, that intent must be gathered from the plain meaning of the language used. In other words, if the language of the statute is plain and unambiguous, the analysis need go no further." *Yamaha Motor Corp., U.S.A. v. Richard's Honda Yamaha*, 344 Ark. 44, 52, 38 S.W.3d 356, 360 (2001). This court is very hesitant to interpret a legislative act in a manner contrary to its express language, unless it is clear that a drafting error or omission has circumvented legislative intent. *Id.*, 38 S.W.3d 356, 360 (2001). Further, we must give effect to the specific statute over the general. *Searcy Farm Supply, LLC v. Merchants & Planters Bank*, 369 Ark. 487, 256 S.W.3d 496 (2007). "This court has long held that a general statute must yield to a specific statute involving a particular subject matter." *Comcast of Little Rock, Inc. v.*

*Bradshaw*, 2011 Ark. 431, at 9, 385 S.W.3d 137, 142-43.

Additionally, we have outlined our statutory-construction rules regarding repeal by implication on numerous occasions. "A statute of a general nature does not repeal a more specific statute unless there is a plain, irreconcilable conflict between the two." *Winston v. Robinson*, 270 Ark. 996, 1001, 606 S.W.2d 757, 765 (1980). Repeal by implication is recognized in only two situations: (1) where the statutes are in irreconcilable conflict, and (2) where the legislature takes up the whole subject anew, covering the entire subject matter of the earlier statute and adding provisions clearly showing that it was intended as a substitute for the former provision. *Hobbs v. Baird*, 2011 Ark. 261, ___ S.W.3d ___.

Finally, we must strictly construe the workers' compensation statutes. Ark. Code Ann. § 11-9-704(c)(3) (Repl. 2012). "This court recognizes its duty to strictly construe workers' compensation statutes pursuant to Ark. Code Ann. § 11-9-704(c)(3) (Repl.1996). Strict construction means narrow construction and requires that nothing be taken as intended that is not clearly expressed. The doctrine of strict construction requires this court to use the plain meaning of the language employed." *Hapney v. Rheem Mfg. Co.*, 341 Ark. 548, 553, 26 S.W.3d 771, 774 (2000) (internal citations omitted).

In reviewing the certified question, we hold that Ark. Code Ann. § 16-118-107 does not revive the individual cause of action for common-law remedies for retaliation under the Arkansas Workers' Compensation Act. The language employed by the General Assembly in Ark. Code Ann. § 11-9-107 expressly annulled the common-law actions and remedies, and explicitly states that the workers' compensation law is the exclusive remedy. The language

of Ark. Code Ann. § 11-9-107 is so plain and unambiguous that judicial construction is limited to the words that expressly state that the exclusive-remedy doctrine applies and that eliminated the common-law cause of action and remedies for retaliatory discharge for filing workers' compensation claims. Additionally, Ark. Code Ann. § 11-9-107 is a specific statute, is directly on point, and therefore must control.

In 1997, after the enactment of our worker's compensation statutes, we explained our interpretation of Ark. Code Ann. § 11-9-107 in addressing a civil-rights claim based on a workers' compensation claim. *Davis v. Dillmeier Enterprises, Inc.*, 330 Ark. 545, 956 S.W.2d 155 (1997). In *Davis*, we explained, "Section 11-9-107 . . . provides for administrative and criminal penalties against an employer who engages in discrimination. Section 11-9-107 was amended by the legislature in 1993 in order to preserve the exclusive remedy of the Workers' Compensation Act by eliminating the common-law remedies for retaliatory or wrongful discharge. *See* section 11-9-107(e)." *Id.*, at 555-56, 956 S.W.2d 155, 160 (1997).[1]

By passing Act 796 of 1993, the General Assembly was certain in its expressed intent that the workers' compensation law was an exclusive remedy for an employee who had suffered injuries during the course of his or her employment. Ark. Code Ann. § 11-9-105 (a) states "The rights and remedies granted to an employee subject to the provisions of this

---

[1]In support of our interpretation, we note that while not binding on this court, federal district courts in Arkansas have interpreted this statute in the same manner in which we have, finding that the employee's common-law claim for wrongful discharge for retaliation for filing a workers' compensation claim fails as a matter of law because Arkansas does not recognize such a claim. *See Lipkins v. 3M Co.*, No. 4:08-CV-01512-WRW 2012 WL 3398426 (E.D. Ark. Aug. 26, 2010); *Trotter v. Weyerhaeuser Corp.*, No. 08-CV-4005 2009 WL 1395441 (W.D. Ark. May 18, 2009).

chapter[,] [the Workers' Compensation Act], on account of injury or death, shall be exclusive of all other rights and remedies of the employee." Additionally, the General Assembly issued the following "Legislative Declaration," codified at Ark. Code Ann. § 11-9-1001 (Repl. 2012):

> When, and if, the workers' compensation statutes of this state need to be changed, the General Assembly acknowledges its responsibility to do so. It is the specific intent of the Seventy-Ninth General Assembly to repeal, annul, and hold for naught all prior opinions or decisions of any administrative law judge, the Workers' Compensation Commission, or courts of this state contrary to or in conflict with any provision in this act. In the future, if such things as . . . the scope of the workers' compensation statutes need to be liberalized, broadened, or narrowed, those things shall be addressed by the General Assembly and should not be done by administrative law judges, the Workers' Compensation Commission, or the courts.

The General Assembly has not amended the statute in any way to express a revival of the common-law remedies for retaliation, and therefore the exclusive-remedy provision of the Act precludes recovery under Ark. Code Ann. § 16-118-107.

Certified question answered.